# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 39711** |
| *Appellee/Respondent* ) | | **Misc. Dkt. No. 2021-03** |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Matthew P. LEIPART** | ) | |
| **Technical Sergeant (E-6)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant/Petitioner* ) | | **Panel 3** |

On 29 November 2018, at Whiteman Air Force Base (AFB), Missouri, a general court-martial composed of a military judge alone found Appellant, pursuant to his pleas, guilty of two specifications of communicating a threat in violation Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934,[1,2] two specifications of assault consummated by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928, and one specification of aggravated assault with a dangerous weapon, means or force, in violation of Article 128, UCMJ. In addition, contrary to Appellant's pleas, the military judge found Appellant guilty of two specifications of sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920.[3] The military judge sentenced Appellant to a dishonorable discharge, confinement for 21 years, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. On 31 May 2019, the convening authority approved the adjudged sentence.

---

[1] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice (UCMJ), Rules for Courts-Martial (R.C.M), and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant pleaded and was found guilty of committing the offense on divers occasions for the Specification of the Charge. For Specification 1 of Additional Charge III, Appellant's plea, and the military judge's findings, excepted the words "on divers occasions" and Appellant was found not guilty of the excepted words.

[3] Appellant was acquitted of two specifications of sexual assault, in violation of Article 120, UCMJ. Pursuant to a R.C.M. 917 motion, Appellant was found not guilty of one specification of communication of a threat in violation Article 134, UCMJ, and one specification of sexual assault. However, the lesser included offense of an attempted sexual assault, in violation of Article 80, UCMJ, 10 U.S.C. § 880, proceeded to findings. The military judge acquitted Appellant of attempted sexual assault.

KC was the victim of the offenses for which Appellant was found guilty. KC and Appellant met via the Internet on a dating website in early 2016 and were eventually married and had a child. Later, Appellant and KC divorced. During the charged time frame, KC was a resident of Australia and was an Australian lawyer. On cross-examination at Appellant's trial KC was questioned about ethical complaints filed against her and about CC, a detective in Australia, who was criminally prosecuted for providing confidential documents to her. KC testified that "I didn't do anything wrong" and was not "investigated" with regard to obtaining the documents from the detective.

On 15 July 2020, Appellant submitted his assignments of error brief which included, *inter alia*, whether (1) the evidence is factually and legally insufficient to support Appellant's sexual assault convictions; (2) the argument of trial counsel improperly shifted the burden of proof; (3) Appellant's sentence is inappropriately severe; (4) new clemency is warranted for failure of the Government to provide the convening authority with a correct personal data sheet; and (5) Appellant is entitled to sentence appropriateness relief resulting from post-trial delay. In addition, Appellant personally raised four issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant requested this court consider whether (6) his plea was involuntary; (7) the sentence is inappropriately severe in comparison to closely related cases; (8) trial defense counsel were ineffective; and (9) the mandatory dishonorable discharge is unconstitutional.

On 27 July 2020, to respond to issue (8), the Government filed a motion to compel declarations or affidavits from Appellant's three trial defense counsel. Issue (8) alleges trial defense counsel were ineffective when they: (1) allowed the military judge to consider Appellant's guilty plea during findings; (2) failed to present evidence during Appellant's case-in-chief; (3) failed to utilize available electronic evidence to impeach KC; and (4) failed to interview witnesses. On 6 August 2020, we granted the Government's motion. On 17 September 2020, the Government filed an answer to the assignments of error and a motion to attach, which we granted. The motion to attach included declarations from two of Appellant's trial defense counsel, however it did not include a declaration from Mr. James Culp.

On 26 April 2021, Appellant[4] filed a petition for a new trial pursuant to Article 73, UCMJ, 10 U.S.C. § 873, on the grounds of fraud upon the court, as demonstrated by newly discovered evidence. Appellant contends KC committed perjury during her cross-examination at Appellant's trial. In support of

---

[4] For consistency, Appellant is used rather than Petitioner.

Appellant's petition, three attachments to Appendix C were submitted with the petition: Attachment 1 is a document titled "Legal Professions Complaints Committee and [H] 2018 VR 77;" Attachment 2 is a publication from the Legal Profession Complaints Committee Western Australia; and Attachment 3 is a news article.[5] Included in Attachment 1 is information that a local practicing certificate was not to be granted to KC and an "'in principle' agreement in this respect was made in early September 2018, but as a result of unrelated external factors affecting the practitioner, was unable to be signed until February 2019."

On 27 May 2021, the Government filed a response to the petition for new trial. The Government argued the Appellant's petition did not establish KC lied during her testimony and requested our court deny the petition for a new trial.

On 9 June 2021, Appellant filed a reply brief stating "[Appellant] reasserts that he is petitioning for a new trial based on newly discovered evidence *and* fraud upon the court."

Upon careful review of the record, Appellant's petition, and the ineffective assistance of counsel issue, we conclude a fact-finding hearing is required. "Congress intended a Court of Criminal Appeals to act as factfinder in an appellate-review capacity and not in the first instance as a trial court. This unusual appellate-court-factfinding power is not unlimited in scope but is expressly couched in terms of a trial court's findings of guilty and its prior consideration of the evidence." *United States v. Ginn*, 47 M.J. 236, 242 (C.A.A.F. 1997). A factfinding hearing may be warranted where an appellant "has demonstrated that there are material questions of fact that could give rise to relief in the context of his case." *United States v. Luke*, 63 M.J. 60, 63 (C.A.A.F. 2006) (citation omitted); *see United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967). We find the post-trial assertions in this case give rise to such material questions of fact that are not answered by the record and petition before us.

Accordingly it is by the court on this 14th day of June, 2021,

**ORDERED:**

The record of trial and petition are returned to The Judge Advocate General for referral to an appropriate convening authority for the purpose of directing a post-trial hearing in accordance with *DuBay*, 37 C.M.R. at 413. A detailed military judge conducting the hearing shall have broad authority to

---

[5] Each is referred to as Attachments 1, 2, and 3 in this order.

hear testimony and receive evidence. At the conclusion of the hearing, the military judge will provide this court with his or her written findings of fact and conclusion(s) of law.

At a minimum, the following questions will be addressed during the hearing:

1. Did trial defense counsel discover Attachments 1 through 3 before the conclusion of the trial?

2. Could Attachments 1 through 3 have been discovered at the time of trial by trial defense counsel with the exercise of due diligence?

3. Did KC reach an agreement in principle to settle professional misconduct proceedings with the Legal Profession Complaints Committee prior to Appellant's trial? If so, what was the agreement?

4. Was KC's trial testimony truthful when she answered "I didn't do anything wrong" in response to the question, "Are you currently still being investigated by the Legal Board for your actions regarding [CC], the detective who went to prison?"

5. What were the "unrelated external factors affecting the practitioner" referred to in paragraph 6 of Attachment 1? Did these "external factors" have any connection to Appellant's trial?

6. Was KC's trial testimony truthful when she answered "No. I was never criminally investigated. Never." in response to the question, "Did the Australian authorities consider for some time whether or not you should be indicted along with [CC]?"

7. Was KC's trial testimony truthful when she answered "I'm not being investigated" in response to the question, "Are you currently still being investigated by the Legal Board for your actions regarding [CC], the detective who went to prison?"

8. Did KC commit perjury in her testimony or otherwise commit fraud upon the court-martial?

9. Did trial defense counsel possess the correspondence from the Legal Profession's Complaints Committee to KC[6] with the subject "CONDUCT INVESTIGATION" attached to Appellant's declaration executed on 9 July 2020 prior to cross-examination of KC? If so, what decisions, if any, were made by trial defense counsel with regard to its use in cross-examination of KC?

---

[6] The memorandum is addressed to KC under the name KH.

10. What actions, if any, did trial defense counsel take prior to trial to determine the status of the "CONDUCT INVESTIGATION" which was examining KC's professional conduct?

11. Why did Mr. James Culp fail to provide a declaration or affidavit in compliance with this court's 6 August 2020 order?

In addition to the above questions, the military judge is to obtain answers from Mr. James Culp which are responsive to issue (8) alleging ineffective assistance of counsel. Additionally, the military judge will make written findings of fact to resolve any contradictions among the declarations from trial defense counsel that the Government obtained, Mr. Culp's answers, and Appellant's declaration.

The military judge may also address any other matters that may arise during the fact-finding hearing that he or she finds to be pertinent to the issues in question. The military judge may require the presence of any witnesses deemed necessary to address this matter.

The military judge will be provided with the record of trial and all appellate pleadings in this case and the petition for new trial. The record of the post-trial hearing along with the military judge's written findings of fact and conclusions of law will be returned to this court for further review **no later than 11 August 2021**. Appellant may file a brief addressing the impact of the post-trial hearing's findings of fact not later than 14 days following the court's receipt of the military judge's findings of fact and conclusions of law. The Government may file an answer brief not later than 14 days after the filing of Appellant's brief.

We have previously recognized the broad authority of military judges over the control of the courtroom, docketing, and rulings on continuances. *United States v. Bowser*, 73 M.J. 889, 896 (A.F. Ct. Crim. App. 2014) (citations omitted), *aff'd*, 74 M.J. 326 (C.A.A.F. 2015) (mem.). The military judge retains that authority in this hearing. Should the military judge deem it necessary to continue this matter past this court's 11 August 2021 deadline, the military judge has discretion to do so. Counsel for the Government shall promptly notify this court of any decisions of the military judge regarding docketing or

continuances that may impact the ability of the Government to return the case to this court by 11 August 2021. Any other requests for extension of time are the sole province of this court.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court